NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALICE S. DAROSA,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1152

---

Petition for review of the Merit Systems Protection Board in No. AT-315H-16-0116-I-1.

---

Decided: April 10, 2017

---

ALICE S. DaROSA, Blythewood, SC, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before LOURIE, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Alice S. DaRosa ("DaRosa") seeks review of the final order of the Merit Systems Protection Board ("the Board") dismissing her appeal for lack of jurisdiction. *See DaRosa v. Dep't of Veterans Affairs*, No. AT-315H-16-0116-I-1, 2016 WL 4987250 (M.S.P.B. Sept. 13, 2016) ("*Final Order*"). Because the Board correctly concluded that it lacked jurisdiction over DaRosa's appeal, we *affirm*.

BACKGROUND

The Department of Veterans Affairs ("VA") appointed DaRosa to the position of Medical Support Assistant in the excepted service, effective November 2, 2014. Resp't's App. ("R.A.") 28–29, 31–33. Her appointment was subject to a one-year probationary period that began on November 2, 2014. R.A. 28, 31. In October 2015, the VA terminated DaRosa's employment due to her disrespectful conduct towards a patient. R.A. 22–25, 30, 34–36. DaRosa appealed her termination to the Board.

In an initial decision, the administrative judge ("AJ") dismissed the appeal for lack of jurisdiction because DaRosa did not satisfy the definition of "employee" under 5 U.S.C. § 7511(a)(1). *DaRosa v. Dep't of Veterans Affairs*, No. AT-315H-16-0116-I-1, 2016 WL 881004 (M.S.P.B. Mar. 1, 2016). The AJ found that DaRosa was a preference eligible in the excepted service, and thus that 5 U.S.C. § 7511(a)(1)(B) applied, under which an "employee" must have "completed 1 year of *current continuous service* in the same or similar positions in an Executive agency . . ." (emphasis added). Although DaRosa did not dispute that she was terminated within the first year of her employment with the VA, she submitted evidence showing that she was previously employed by the Army from March 16, 2009 to November 13, 2011 in a competitive-service position. The AJ rejected that evidence, however, noting the significant time gap between the conclusion of DaRosa's prior service on November 13, 2011 and her appointment to her most recent position on November 2,

2014. Given that break in service, the AJ concluded that DaRosa had not completed one year of "current continuous service" as required by the statute.

DaRosa petitioned for review by the full Board. The Board denied her petition and adopted the AJ's initial decision as its final decision. *Final Order*, at ¶ 1. The Board agreed with the AJ that DaRosa was not an "employee" under 5 U.S.C. § 7511(a)(1)(B) because she failed to satisfy the one-year "current continuous service" requirement and her prior federal service could not "be used to tack on" to meet that requirement. *Id.* at ¶ 6.

DaRosa timely appealed from the *Final Order* to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review a determination of the Board's jurisdiction *de novo* as a question of law, and review any underlying factual findings for substantial evidence. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

DaRosa argues that the Board failed to adequately consider her prior federal service, including her appointment to an excepted-service position in August 2007 and her completion of a probationary period after that appointment, as well as her subsequent employment in a competitive-service position from March 16, 2009 to November 13, 2011. DaRosa also argues that the Board failed to properly consider her status as a veteran. The government responds that the Board considered all relevant facts and law and correctly concluded that it lacked jurisdiction over DaRosa's appeal.

We agree with the government that the Board lacked jurisdiction over DaRosa's appeal. The Board's jurisdiction is "limited to actions made appealable to it by law, rule, or regulation." *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012) (citing 5 U.S.C. § 7701(a)). As an appellant, DaRosa bore the burden of establishing the Board's jurisdiction by a preponderance of the evidence, 5 C.F.R. § 1201.56(b)(2)(i)(A), but she has failed to satisfy that burden.

To qualify as an employee with the right to appeal a removal to the Board, DaRosa must satisfy the definition of "employee" under 5 U.S.C. § 7511(a)(1), which provides in relevant part:

For purposes of this subchapter, "employee" means:

(A) an individual in the competitive service—

    (i) who is not serving a probationary or trial period under an initial appointment; or

    (ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less;

(B) a preference eligible in the excepted service who has completed 1 year of current continuous service in the same or similar positions—

    (i) in an Executive agency; or

    (ii) in the United States Postal Service or Postal Regulatory Commission; and

(C) an individual in the excepted service (other than a preference eligible)—

    (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or

> (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

5 U.S.C. § 7511(a)(1) (2015).

It is undisputed that the VA appointed DaRosa to, and then removed her from, a position in the excepted service, and that she was a preference eligible. Thus, Subsection (B) is the relevant portion of the statute that applied to DaRosa. Under that subsection, an employee must have "completed 1 year of current continuous service in the same or similar positions in an Executive agency . . . ." The question, then, is whether DaRosa satisfied the one-year "current continuous service" requirement at the time of her separation from the VA, not whether she was properly required to, or had completed, a one-year probationary period.

As the Board correctly found, DaRosa did not and cannot make a nonfrivolous allegation that she completed one year of "current continuous service" as required by the statute. DaRosa does not dispute that her employment with the VA as a Medical Support Assistant was terminated before her one-year work anniversary. Therefore, she did not complete one year of service at the VA when she was terminated.

Moreover, the Board did not err in concluding that DaRosa could not "tack" her prior federal service towards her most recent federal employment to satisfy the one-year "current continuous service" requirement. The Board has interpreted "current continuous service" to mean "service immediately prior to the action at issue without a break in service of a work day." *McCrary v. Dep't of the Army*, 103 M.S.P.R. 266, 270 (2006) (citing 5 C.F.R. § 752.402). DaRosa does not challenge that interpretation either before the Board or on appeal. It is

undisputed that she had a break in service of almost three years between November 13, 2011 and November 2, 2014. Because her November 2, 2014 appointment as a Medical Support Assistant was preceded by that break in service of more than one workday, the Board correctly concluded that she may not "tack" her prior federal service onto her most recent federal employment to satisfy the one-year "current continuous service" requirement.

Accordingly, we conclude that the Board correctly determined that it lacked jurisdiction over DaRosa's appeal.

## CONCLUSION

We have considered DaRosa's remaining arguments, but find them to be unpersuasive. For the foregoing reasons, we affirm the Board's decision dismissing DaRosa's appeal for lack of jurisdiction.

## **AFFIRMED**

### COSTS

No costs.